IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL THOMAS BAD OLD MAN,<br><br>Defendant. | CR 13-76-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Michael Thomas Bad Old Man (Bad Old Man) has been accused of violating the conditions of his supervised release. Bad Old Man admitted all of the alleged violations. Bad Old Man's supervised release should be revoked. Bad Old Man should be placed in custody for 9 months, with no supervised release to follow. Bad Old Man should receive credit for time served from the date of his arrest by federal law enforcement officers.

## II. Status

Bad Old Man pleaded guilty to Burglary on September 26, 2013. (Doc. 13). The Court sentenced Bad Old Man to 27 months of custody, followed by 3 years of supervised release. (Doc. 27). Bad Old Man's current term of supervised

release began on September 16, 2020. (Doc. 72 at 2).

**Petition**

The United States Probation Office filed an Amended Petition on November 20, 2020, requesting that the Court revoke Bad Old Man's supervised release. (Doc. 72). The Amended Petition alleges that Bad Old Man violated the conditions of his supervised release: 1) by using methamphetamine; 2) by consuming alcohol; 3) by failing to compete his drug treatment program; and 4) by committing another crime. (Doc. 72 at 2-3).

**Initial appearance**

Bad Old Man appeared before the undersigned for his initial appearance on August 12, 2021. Bad Old Man was represented by counsel. Bad Old Man stated that he had read the petition and that he understood the allegations. Bad Old Man waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a joint revocation hearing in this case and in Cause CR 13-52-GF-BMM-JTJ on August 11, 2020. Bad Old Man admitted that he had violated the conditions of his supervised release: 1) by using methamphetamine; 2) by consuming alcohol; 3) by failing to compete his drug treatment program; and

2

4) by committing another crime. The violations are serious and warrant revocation of Bad Old Man's supervised release.

Bad Old Man's violations are Grade C violations. Bad Old Man's criminal history category is I. Bad Old Man's underlying offense is a Class C felony. Bad Old Man could be incarcerated for up to 24 months. Bad Old Man could be ordered to remain on supervised release for up to 34 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III. Analysis

Bad Old Man's supervised release should be revoked. Bad Old Man should be placed in custody for 9 months, with no supervised release to follow. This sentence is sufficient but not greater than necessary. Bad Old Man should receive credit for time served from the date of his arrest by federal law enforcement officers.

### IV. Conclusion

The Court informed Bad Old Man that the above sentence would be recommended to United States District Judge Brian Morris. The Court also informed Bad Old Man Bird of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Bad Old Man that Judge Morris would consider a timely objection before making a

final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> That Michael Thomas Bad Old Man violated the conditions of his supervised release: by using methamphetamine; by consuming alcohol; by failing to compete his drug treatment program; and by committing another crime.

The Court **RECOMMENDS:**

> That the District Court revoke Bad Old Man's supervised release and commit Bad Old Man to the custody of the United States Bureau of Prisons for 9 months, with no supervised release to follow. Bad Old Man should receive credit for time served from the date of his arrest by federal law enforcement officers. The sentence imposed in this case should run concurrent with the sentence imposed in Cause CR 13-52-GF-BMM-JTJ.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may

waive the right to appear and allocute before a district judge.

DATED this 12th day of August, 2021.

John Johnston
United States Magistrate Judge